**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GOYARD ST-HONORE,<br><br>          Plaintiff,<br><br>          v.<br><br>JDOUGLAS, INC., a Georgia corporation, E. LAWRENCE, LTD., a Georgia corporation, and EDWARD LAWRENCE EDWARDS a/k/a E. EDWARDS, LAWRENCE a/k/a EDWARDS E LAWRENCE a/k/a EDDIE EDWARDS a/k/a EDWARD LAWRENCE BOCINEC a/k/a BONINEC EDWARD, an individual, individually and jointly, d/b/a JDouglas d/b/a E. Lawrence; WAITING ON MARTHA, INC, a Georgia corporation, and MANDY KELLOGG RYE, an individual, individually and jointly d/b/a WAITING ON MARTHA d/b/a shopwaitingonmartha.com,<br><br>          Defendants. | Case No. _____ |

## <u>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>

Plaintiff GOYARD ST-HONORE ("Goyard") hereby sues Defendants

JDOUGLAS, INC., a Georgia corporation; E. LAWRENCE, LTD., a Georgia

corporation, and EDWARD LAWRENCE EDWARDS a/k/a E. EDWARDS,

LAWRENCE a/k/a EDWARDS E LAWRENCE a/k/a EDDIE EDWARDS a/k/a

EDWARD LAWRENCE BOCINEC a/k/a BONINEC EDWARD, an individual, individually and jointly, d/b/a JDouglas d/b/a E. Lawrence (collectively, the "JDouglas Defendants"); and WAITING ON MARTHA, INC, a Georgia corporation and MANDY KELLOGG RYE, an individual, individually and jointly d/b/a WAITING ON MARTHA d/b/a shopwaitingonmartha.com (collectively, the "Waiting on Martha Defendants") (collectively "Defendants").   In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for federal trademark counterfeiting and infringement, false designation of origin, federal dilution, contributory trademark counterfeiting and infringement, common law trademark infringement, common law unfair competition, and common law dilution pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a) and (c) and the All Writs Act, 28 U.S.C §1651(a).   Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Goyard's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     The named Defendants are subject to personal jurisdiction in this District, because they reside and conduct business within this District.

- 2 -

3.     Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named Defendants reside and conduct business in this District.

## THE PARTIES

4.     Goyard is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 16 place Vendôme in Paris, France 75001.  Goyard is, in part, engaged in the business of manufacturing and distributing throughout the world, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 16 below.  Defendants, through the sale and offering for sale of counterfeit and infringing Goyard branded products, are directly, and unfairly, competing with Goyard's economic interests in the State of Georgia and causing Goyard harm within this jurisdiction.

5.     JDouglas, Inc. ("JDouglas") is an active corporation organized under the laws of the State of Georgia with its principal mailing address located within this District at PO BOX 56404, Atlanta, Georgia 30343-0404 and conducts business within this District at AmericasMart, Building One, Suite 13A1, 240 Peachtree Street, Atlanta, Georgia 30303.  JDouglas may be served through its registered agent J. Douglas Self, Jr., located at 2575 Peachtree Road NE, 23C, Atlanta, Georgia 30305.

6.      E. Lawrence, Ltd. ("E. Lawrence") is an active corporation organized under the laws of the State of Georgia with its principal place of business located within this District at 1799 Marietta Blvd. NW, Atlanta, Georgia 30318.   E. Lawrence may be served through its registered agent Eddie Edwards, located at 2073 McKinley Road NW, Atlanta, Georgia 30318.

7.      Edward Lawrence Edwards ("Edwards") is an individual, who, upon information and belief, resides within this District at 2073 McKinley Road NW, Atlanta, Georgia 30318 and conducts business within this District at 1799 Marietta Blvd. NW, Atlanta, Georgia 30318.  Upon information and belief, Edwards uses the aliases "E. Edwards, Lawrence," "Edwards E Lawrence," "Eddie Edwards," "Edward Lawrence Bocinec," and "Boninec Edward" in connection with the operation of his business.

8.      Upon information and belief, Edwards is the principal of E. Lawrence and is one of the moving, conscious forces behind its business activities, including the infringement and dilution described herein.

9.      Upon information and belief, the JDouglas Defendants individually and jointly do business under the names "JDouglas" and "E. Lawrence." Upon information and belief, the JDouglas Defendants are directly and personally contributing to, inducing, and engaging in the sale of counterfeit and infringing

- 4 -

products within this District as alleged herein.

10.     Waiting on Martha, Inc is an active corporation organized under the laws of the State of Georgia with its principal place of business located within this District at 832 Northam Lane, Atlanta, Georgia 30342. Waiting on Martha, Inc may be served through its registered agent Mandy Rye, located at 832 Northam Lane, Atlanta, Georgia 30342.

11.     Mandy Kellogg Rye ("Rye") is an individual, who, upon information and belief, resides within this District at 1419 Ashford Creek Circle NE, Atlanta, Georgia 30319 and conducts business within this District at 3400 Around Lenox Road NE, Suite 102C, Atlanta, Georgia 30326.

12.     Upon information and belief, Rye is the principal of Waiting on Martha, Inc and is one of the moving, conscious forces behind its business activities, including the infringement and dilution described herein. Upon information and belief Waiting on Martha, Inc and Rye use the name, "Waiting on Martha" and the fully interactive Internet website operating under the domain name, shopwaitingonmartha.com in connection with the operation of their business.

13.     Upon information and belief, Waiting on Martha, Inc and Rye are directly and personally contributing to, inducing, and engaging in the sale of counterfeit and infringing products within this District as alleged herein and/or act

as agents for the JDouglas Defendants with respect to, at a minimum, the promotion, advertisement, distribution, offer for sale, and sale of the counterfeit and infringing products described herein.

## COMMON FACTUAL ALLEGATIONS

14.    Goyard is the owner of all rights, including common law rights, in and to the following trademarks protected by United States Federal Trademark Registrations (the "Goyard Marks"):

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| GOYARD | 1,821,224 | February 15, 1994 | IC 016 – Office requisites; namely, agendas, repertories, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases sold empty, traveling bags, handbags, briefcases, attaché cases, briefcase type document cases, toilet cases sold empty, make-up cases sold empty, wallets, hat boxes for travel, business card cases, key cases, draw string pouches, garment bags for travel, necktie cases, umbrellas, saddlebags, saddle covers, and articles for dogs; namely, dog collars, dog leashes, dog clothes |

| | | | |
|---|---|---|---|
| | | | and carrying bags. |
| \n(E. Goyard\nHonore Paris) | 3,418,288 | April 29,\n2008 | IC 018 – Bags and traveling sets, namely, traveling bags; garment bags for travel; luggage trunks; valises, vanity cases sold empty, rucksacks, handbags, beach bags, school bags; suitcases, briefcases, pocket wallets, purses, not of precious metal, leather key cases; business card cases; umbrellas, parasols, walking sticks. |
|  | 4,036,898 | October 11,\n2011 | IC 003 – Toilet soap; perfumes; eau de toilette and eau de cologne; cosmetic preparations; essential oils for personal use; cosmetic milks; lotions for face and body care; cosmetic creams; emulsions for cosmetic use; shampoos; gels to be used on the face and body for aesthetic purposes; deodorants for personal use.\n\nIC 009 – Spectacles; spectacle frames; sunglasses; spectacle cases; photographic apparatus, namely, cameras.\n\nIC 014 – Precious metals and their alloys, other than for dental use; goods made of precious metals and their alloys, other than for dental use, in the nature of jewelry, namely, rings, earrings, bracelets, charms, chains, watch chains, necklaces, |

| | | | pins, ornaments, fashion pins, ring bands; goods made of precious metals and their alloys, other than for dental use, namely, buckles of precious metal, hat ornaments of precious metal, jewellery cases of precious metal, jewellery caskets of precious metal; jewellery, precious stones, semi-precious stones, jewelry in the nature of pearls, horological and chronometric instruments; watches, watch straps, wristwatches; boxes for watches, jewelry boxes; cuff links.<br><br>IC 018 – Goods of leather and imitations of leather, namely, travelling bags, travelling sets comprised of luggage, and garment bags for travel; trunks; suitcases; unfitted vanity cases; rucksacks; handbags; sports bags; beach bags; school bags; attaché cases; document cases; briefcases; school satchels; under-arm bags, namely, handbags; leather goods, namely, wallets, purses not of precious metal, leather key cases, card holders for wallets; umbrellas; parasols; sunshade parasols; walking sticks.<br><br>IC 024 – Fabrics for textile use; textile goods, namely, bath linen not for clothing, household linen, |

DM2\7541842.1

|  |  |  | bed linen, textile table linen, bathroom linen of textile, handkerchiefs of textile.<br><br>IC 025  – Clothing for men, women and children, namely, dresses, skirts, petticoats, culottes, ladies' suits, trousers, shorts, Bermuda shorts, swimming drawers, shirts, ladies' shirts, blouses, tee-shirts, sweatshirts, waistcoats, jackets, cardigans, pullovers, sweaters, parkas, anoraks, coats, gabardines, raincoats, furs, sashes for wear, shawls, scarf, gloves, neckties, belts, socks, stockings, tights, underwear, pajamas, dressing gowns, swimsuits, bath robes; footwear, except orthopedic footwear, namely, shoes, sandals, boots, half-boots, boot liners, slippers; hats, berets, caps.<br><br>IC 028  – Games, namely, chess games; gymnastic and sporting articles not included in other classes, namely, baseball gloves, bats for games, boxing gloves, golf gloves, golf clubs, golf bags; decorations for Christmas trees. |
|---|---|---|---|

The Goyard Marks are used in connection with the manufacture and distribution of

high quality luxury goods in the categories identified above.  True and correct copies

of the Federal Registrations for the Goyard Marks listed above are attached hereto as Composite Exhibit "A."

15.    The Goyard Marks have been used in interstate commerce to identify and distinguish Goyard's high quality goods for an extended period of time.

16.    The Goyard Marks are symbols of Goyard's quality, reputation and goodwill and have never been abandoned.

17.    Further, Goyard has expended substantial time, money and other resources developing and otherwise promoting the Goyard Marks. The Goyard Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18.    Goyard has extensively used and promoted the Goyard Marks in the United States in association with the sale of high quality products. Goyard has spent millions of dollars promoting the Goyard Marks and products bearing the Goyard Marks. In recent years, annual sales of products bearing the Goyard Marks have totaled in the hundreds of millions of dollars within the United States.

19.    As a result of Goyard's efforts, members of the consuming public readily identify merchandise bearing or sold under the Goyard Marks as being high quality merchandise sponsored and approved by Goyard.

20.    Accordingly, the Goyard Marks have achieved secondary meaning as identifiers of high quality products.

DM2\7541842.1

21.    Goyard has carefully monitored and policed the use of the Goyard Marks and has never assigned or licensed the Goyard Marks to any of the Defendants in this matter.

22.    Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Goyard's ownership of the Goyard Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

23.    Goyard has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit and/or infringing products, including at least note books, bearing trademarks that are exact copies of the Goyard Marks (the "Infringing Goods").  Specifically, upon information and belief, Defendants are using the Goyard Marks in the same stylized fashion, for different quality goods.

24.    Upon information and belief, Defendants' Infringing Goods are of a quality substantially different than that of Goyard's genuine goods.  Despite the nature of their Infringing Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale their Infringing Goods with the knowledge that such goods will be mistaken for the genuine high

quality products offered for sale by Goyard.  The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Infringing Goods are genuine goods originating from, associated with, and approved by Goyard.

25.     Defendants advertise their Infringing Goods for sale to the consuming public.  In so advertising these goods, Defendants use the Goyard Marks without Goyard's permission. Upon information and belief, the misappropriation of Goyard's intellectual property rights as to the Goyard Marks is the proximate cause of damage to Goyard.

26.     Upon information and belief, Defendants are conducting their counterfeiting and infringing activities at least within this District and elsewhere throughout the United States.  As a result, Defendants are defrauding Goyard and the consuming public for Defendants' own benefit.  Defendants' infringement and disparagement of Goyard does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

27.     Defendants' use of the Goyard Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Goyard's consent or authorization.

28.     Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Goyard's rights for the purpose of trading on the goodwill and reputation of Goyard.  If the Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Goyard and the consuming public will continue to be damaged.

29.     Defendants' above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Goyard's genuine goods and Defendants' Infringing Goods, which there is not.

30.     Goyard has no adequate remedy at law.

31.     Goyard is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' unauthorized and wrongful use of the Goyard Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Goyard and the consuming public will continue to be harmed.

32.    The injuries and damages sustained by Goyard have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Infringing Goods.

33.    Goyard has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT

34.    Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35.    This is an action for trademark infringement against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of, at least, note books using marks which are substantially similar and, in some instances, virtually identical to one or more of the Goyard Marks.

36.    Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least, note books bearing colorable imitations of the Goyard Marks. In so doing, Defendants are continuously contributing to, infringing, and inducing others to infringe the Goyard Marks by using them to advertise, promote, and sell, at least, note books bearing the Goyard Marks.

37.    Defendants' infringing activities are likely to cause and may actually

be causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' goods at the time of initial interest, sale, and in the post-sale setting.

38.   Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Goyard.

39.   Defendants' above-described actions constitute infringement of the Goyard Marks in violation of Goyard's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

40.   Goyard has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not enjoined.

## COUNT II - FEDERAL TRADEMARK COUNTERFEITING PURSUANT TO § 32 OF THE LANHAM ACT

41.   Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

42.   This is an action for trademark counterfeiting against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of at least, note books bearing counterfeits of one or more of the Goyard Marks.

43.   Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least, note books bearing counterfeits of

DM2\7541842.1

the Goyard Marks.  Defendants are continuously contributing to, infringing, and inducing others to infringe the Goyard Marks.

44.    Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' goods at the time of initial interest, sale, and in the post-sale setting.

45.    Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Goyard.

46.    Defendants' above-described illegal actions constitute counterfeiting of the Goyard Marks in violation of Goyard's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

47.    Goyard has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not enjoined.

### COUNT III - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

48.    Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

49.    Defendants' Infringing Goods bearing and sold under the Goyard Marks have been widely advertised and distributed throughout the United States.

- 16 -

50.     Defendants' Infringing Goods bearing and sold under the Goyard Marks are different and likely inferior in quality from genuine Goyard goods. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Infringing Goods.

51.     Defendants have used in connection with their sale of Infringing Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Goyard.

52.     Specifically, Defendants have authorized an infringing use of the Goyard Marks in Defendants' advertisement and promotion of their counterfeit and infringing goods, including note books.   Defendants have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing products.

53.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

54.     Goyard has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Goyard will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT IV – FEDERAL TRADEMARK DILUTION PURSUANT TO § 43(a) OF THE LANHAM ACT

55.     Goyard adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

56.     The Goyard Marks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively by Goyard for decades.  By reason of Goyard's extensive use, the Goyard Marks have become highly distinctive of Goyard's high quality luxury goods, and are uniquely associated with Goyard.  The Goyard Marks were famous long before Defendants offered for sale or sold the Infringing Goods.

57.     Defendants are engaged in a commercial use of the Goyard Marks in commerce.

58.     Defendants' above-described activities are disparaging, damaging and lessening the distinctiveness of the Goyard Marks through, at least, blurring and tarnishment of said Marks.  Indeed, Defendants' unauthorized promotion, distribution, offer for sale, and sale of their Infringing Goods will dilute and tarnish

- 18 -

Goyard's reputation and injure the value of the Goyard Marks as indicators of the high quality luxury goods that consumers have come to expect from Goyard.

59.     Defendants' actions described herein have been engaged in intentionally or with a reckless disregard for or willful blindness to the Goyard's rights for the purpose of trading on the Goyard's reputation and diluting the Goyard Marks.

60.     Defendants' conduct is diluting and is likely to dilute the Goyard Marks by impairing the distinctiveness of the Goyard Marks, in violation of 15 U.S.C. § 1125(c).

61.     Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the Goyard Marks, and cannot assert any rights in the Goyard Marks that are prior to Goyard's rights.

62.     As a result of Defendants' above described diluting and disparaging activities, the Goyard has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.  Goyard has no adequate remedy at law.

DM2\7541842.1

## COUNT V - CONTRIBUTORY TRADEMARK COUNTERFEITING AND INFRINGEMENT

63.     Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

64.     This is an action for contributory trademark counterfeiting and infringement against the Defendants based on their use of infringing, counterfeit and confusingly similar imitations of the Goyard Marks in connection with their intentional inducement of others to advertise, offer to sell and sell goods bearing the Goyard Marks.

65.     Through their actions, inaction, and conduct, Defendants have materially contributed to each other's counterfeiting, infringement, and dilutive activities as alleged herein. For example, Defendant JDouglas, Inc. materially contributes to the infringing, counterfeiting, and dilutive activities alleged herein by acting as a payee on the sales of the Infringing Goods on behalf of Defendant E. Lawrence, Ltd. and Defendant Edwards. Additionally, the Waiting on Martha Defendants materially contribute to the infringing, counterfeiting, and dilutive activities alleged herein by acting as agents for the JDouglas Defendants in promoting and otherwise advertising, selling, offering for sale and distributing the Infringing Goods at issue.  Moreover, each Defendant knew or should have known that they were selling or materially contributing to the sale of counterfeit and

- 20 -

infringing Goyard merchandise, yet they continued to deliberately, intentionally, and willfully engage in the acts complained of herein with full knowledge of, and in conscious disregard for, Goyard's rights in its trademarks. Indeed, Defendants engaged in such acts with full intent to unjustly enrich themselves by trading off Goyard's goodwill in the Goyard Marks.

66.     As a result of Defendants' foregoing actions, Defendants are being unjustly enriched and Goyard is being injured and damaged.  Absent an entry of an injunction by this Court, Defendants will continue to materially contribute to the counterfeiting, infringement, and dilution of the Goyard Marks, thereby causing Goyard irreparable injury for which it has no adequate remedy at law.

## COUNT VI - COMMON LAW TRADEMARK INFRINGEMENT

67.     Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

68.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of the Infringing Goods. Goyard is the owner of all common law rights in and to the Goyard Marks.

69.     Specifically, Defendants are promoting and otherwise advertising, offering for sale, selling and distributing infringing products bearing the Goyard Marks.

70.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products. Goyard has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

71.     Goyard has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, Goyard will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT VII - COMMON LAW UNFAIR COMPETITION

72.     Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

73.     This is an action against Defendants based on their promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Goyard Marks in violation of Georgia's common law of unfair competition.

- 22 -

74.     Specifically, Defendants are promoting and otherwise advertising, offering for sale, selling, and distributing goods bearing counterfeits and infringements of the Goyard Marks. Defendants' unauthorized use of the Goyard Marks is for the willful and calculated purpose of 1) misappropriating and trading on Goyard's goodwill and business reputation and 2) causing confusion and mistake among the public and the trade, and of deceiving the public and the trade as to the nature and origin of Defendants' products, in violation of Goyard's rights under the common law of the State of Georgia.

75.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Goyard Marks.

76.     Goyard has no adequate remedy at law and is suffering irreparable injury as a result of Defendants' actions.

## <u>COUNT VIII – COMMON LAW DILUTION</u>

77.     Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

78.     Goyard has extensively and continuously used and promoted the Goyard Marks to customers and the public for decades. The Goyard Marks have

thereby become well-known and highly distinctive symbols of Goyard and of Goyard's high quality luxury goods.

79.    Defendants' engage in commercial use of the Goyard name and the Goyard Marks. Defendants' commercial use of the Goyard name and the Goyard Marks dilutes and is likely to dilute the distinctiveness of the Goyard name and the Goyard Marks by eroding the public's exclusive identification of the Goyard Marks with Goyard, blurring, tarnishing, and degrading the positive association and connotations of the Goyard Marks, lessening the uniqueness of the Goyard Marks, and otherwise lessening the capacity of the Goyard Marks to uniquely identify and distinguish Goyard and Goyard's high quality luxury goods.

80.    Defendants' actions demonstrate a willful intent to trade on the goodwill associate with the Goyard Marks and cause dilution of the Goyard Marks. At a minimum, Defendants' actions described herein have been engaged in with a reckless disregard for or willful blindness to Goyard's rights for the purpose of trading on the Goyard's reputation and diluting the Goyard Marks.

81.    Defendants' conduct is causing dilution of the distinctiveness and value of the Goyard Marks, in violation of the Georgia Dilution Statute, O.C.G.A. § 10-1-451(b).

82.     Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the Goyard Marks, and cannot assert any rights in the Goyard Marks that are prior to Goyard's rights.

83.     As a result of Defendants' above described diluting and disparaging activities, the Goyard has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.  Goyard has no adequate remedy at law.

## PRAYER FOR RELIEF

84.     WHEREFORE, Goyard demands judgment, jointly and severally, against Defendants as follows:

a.      Entry of a temporary, preliminary, and permanent injunctions enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Goyard Marks; from using the Goyard Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise

the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Goyard; from falsely representing themselves as being connected with Goyard, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with Goyard; from using any reproduction, counterfeit, copy, or colorable imitation of the Goyard Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, note books and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Goyard, or in any way endorsed by Goyard and from offering such goods in commerce; and from otherwise unfairly competing with Goyard.

b.     Entry of an order canceling or, at Goyard's election, transferring the domain names used or controlled by Defendants to engage in their counterfeiting, infringing, and dilution of the Goyard Marks at issue to Goyard's control so they may no longer be used for illegal purposes.

- 26 -

c.      Entry of an Order that, upon Goyard's request, the top level domain (TLD) Registry for the domain name used or controlled by the Waiting on Martha Defendants, and any other domain name used or controlled by Defendants, or their administrators, including backend registry operators or administrators, place the domain names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the domain names to the IP addresses where the associated websites are hosted.

d.      Entry of an Order requiring Defendants to account to and pay Goyard for all profits and damages resulting from Defendants' trademark infringement and counterfeiting activities, both direct and contributory, and that the award to Goyard be trebled, as provided for under 15 U.S.C. §1117, or, at Goyard's election with respect to Count II, that Goyard be awarded statutory damages from each Defendant in this matter in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

e.      Entry of an Order awarding Goyard damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful trademark infringement and counterfeiting, and dilution of the Goyard Marks.

f.      Entry of an award pursuant to 15 U.S.C. § 1117(a) and (b) of Goyard's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

g.      Entry of an award of pre-judgment interest on the judgment amount.

h.      Entry of an Order for any further relief as the Court may deem just and proper.

Dated:  February  22, 2017

**DUANE MORRIS LLP**

*/s/ John R. Gibson*_____
John R. Gibson
jrgibson@duanemorris.com
GA Bar No. 454507
1075 Peachtree Street NE
Suite 2000
Atlanta, Georgia  30309
Telephone:  (404) 253.6900
Facsimile:  (404) 253.6901

*Counsel for Plaintiff Goyard St-Honore*

DM2\7541842.1